UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. |
| | No. 05-CV-70742-DT |
| Plaintiff, | |
| | Criminal Action No. |
| vs. | 00-CR-80572-DT-08 |
| | |
| MIGUEL VALENZUELA, | HON. BERNARD A. FRIEDMAN |
| | |
| Defendant. | |
| _____/ | |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

This matter is presently before the court on defendant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

On March 25, 2002, a jury convicted defendant of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Defendant was sentenced to 168 months in prison and five years of supervised release. The United States Court of Appeals for the Sixth Circuit affirmed. Now defendant seeks to have his conviction vacated pursuant to 28 U.S.C. § 2255, on the grounds that he was denied his Sixth Amendment right to effective assistance of counsel. Magistrate Judge Virginia M. Morgan has submitted a report and recommendation in which she recommends that defendant's motion be denied. Defendant has filed timely objections.

Defendant contends that his lawyer at trial, Ron Gold, repeatedly admitted that defendant sold 40 pounds of marijuana for a co-conspirator, James McManigal. Defendant cites to Wiley v. Sowders, 647 F.2d 642, 650 (6th Cir. 1981), for the proposition that,

> Unquestionably, the constitutional right of a criminal defendant to plead "not guilty," or perhaps more accurately not to plead guilty, entails the obligation of his attorney to structure the trial of the case around his client's plea. We, therefore, hold that petitioner was deprived of effective assistance of cousnel when his own lawyer admitted his client's guilt, without first obtaining his client's consent to this strategy.

In this case, Valenzuela pled not guilty, and he argues that his lawyer, in effect, withdrew this plea and entered a guilty plea on his behalf, without his consent, by admitting his guilt at trial.

As Magistrate Judge Morgan correctly notes, defendant's case is clearly distinguishable from Wiley. In Wiley, defendant's counsel conceded his client's guilt on every count in the indictment, and repeatedly referred to his client as "guilty," and said he did not think there was a "shadow of a doubt that these two men are guilty." Id. at 645. In Wiley, the court found that "[c]ounsel's complete concession of [defendant's] guilt" deprived defendant of his right to have the jury decide his guilt or innocence. Id. at 650.

Attorney Gold did nothing of the sort in the instant case. Gold conceded nothing more than defendant himself conceded on the witness stand. Defendant gave the following testimony on March 22, 2002, when questioned by Gold:

Q: Okay. So, he brings you forty pounds – he brings you forty pounds of marijuana?

A: Yes.

Q: You sold the forty pounds to how many people?

A: Two people.

Q: You gave money to Mr. McManigal on how many occasions?

A: I thought it was three; I'm not sure. I thought it was three.

Trial Tr., Vol. 4, p. 53.

Gold simply acknowledged these admissions. Gold then attempted to raise an entrapment

defense for his client. In order to argue entrapment, Gold suggested to the jury that defendant sold the 40 pounds of marijuana for McManigal on a single occasion and in order to do McManigal a favor. This was not an unreasonable strategy. See U.S. v. Vegas, 27 F.3d 773, 777-78 (2nd Cir. 1994)("As is often the case when convicted defendants complain after-the-fact of their lawyers' trial performance, we find that the choices made by the attorney were matters of trial strategy; because counsel's strategy was a reasonable one, these choices do not show incompetence"). As explained by the Sixth Circuit, defendant freely admitted to selling the 40 pounds of marijuana, but contended that McManigal, who was cooperating with the government, entrapped him:

> Valenzuela testified at trial in his own defense. He did not deny that one of the voices on the tape recordings was his but, rather, attempted to persuade the jury that his drug conversations with McManigal were aberrational, resulting from a one-time agreement with the informant. The defendant insisted that he was not routinely involved in drug-trafficking, but that McManigal had come to him, told him of his severe financial difficulties, and asked Valenzuela to help him out by selling 40 pounds of marijuana to raise money to hire legal counsel.

U.S. v. Valenzuela, 2004 WL 376852, **2 (6th Cir. Feb. 27, 2004).

Under these circumstances, it is clear that defendant was not deprived of his Sixth Amendment right to effective assistance of counsel. Accordingly,

IT IS ORDERED that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED that Magistrate Judge Morgan's Report and

Recommendation is accepted and adopted as the findings and conclusion of the court.

IT IS FURTHER ORDERED that no certificate of appealability shall issue in this case, as any appeal would be frivolous and not taken in good faith.

      _____s/Bernard A. Friedman_____
      BERNARD A. FRIEDMAN
      CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 4, 2005
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2005, by electronic and/or ordinary mail.

      s/Carol Mullins
      Case Manager